[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER
This matter was made returnable to the court on November 9, 1993, and has been pending in the court for almost one year.
Since October 5, 1993, the two juvenile sisters have been committed to the Commissioner of Children and Families under an order of temporary custody. They were initially placed in a Salvation Army shelter in Waterbury and were subsequently placed in a private home in Bridgeport. That placement is now reportedly short lived as the foster family is about to relocate to the State of New Jersey.
Placement of juveniles committed the Commissioner of Children and Families is governed by the provisions of Sec.46b-129(d), C.G.S. That statute provides, in part, [that] "the Commissioner shall, if possible, shall select a home or person of like religious faith to that of a parent of such child or youth, provided such home conforms to the standards of the Commissioner."
That same section also provides that, "the placement may be within or without the state, provided that the child shall not be placed outside the state except for good cause shown and unless the parents are notified in advance of such placement and given an opportunity to be heard."
The Commissioner, through her representatives, advises the court that there is a paucity of suitable placement alternatives for the two juveniles due to the religious considerations which must be met.
Specifically, it is reported that there is only one Jewish home currently available and that is in the Town of Ledyard, which is about as far as one can go from Danbury and still be within the state of Connecticut.
The only other proposed option is the home of the older sister of these juveniles in Brookline, Massachusetts.
In view of the court's finding this date that the juveniles are properly committed to the Commissioner under an order of temporary custody, the court defers to the Commissioner the duty of placing these juveniles in the most appropriate location, taking into consideration all legal, procedural, logistical, statutory and factual issues which are the prerequisites for CT Page 8932 such placement.
The court further finds that good cause has been shown for out of state relative placement if the Commissioner deems that to be necessary.
By Court, Joseph W. Doherty, J.